By the Court.—Ingraham, J.
By subdivision three of section 14 of the Code, it is provided that the court has power to punish, by fine and imprisonment, a party to an action for any disobedience to a lawful mandate of the court, other than a payment of a sum of money, and by section 2266 of the Code, it is provided that in a case specified in section 14, the offense must be punished as prescribed in that title. By section 2269 it is provided that the court or judge authorized to punish for the offense, must, upon being satisfied by affidavits of the commission of the offense, either make ■ an order requiring the accused to show cause before it why he should not be punished for the alleged offense, or issue a warrant of attachment. Section 2283 provides for the proceeding upon the return of the order to show cause, where such an order is made, and it is there provided that if the determination is to the effect specified in section 2281, viz.: that the accused had committed the offense charged, that it was calculated to or did actually defeat, impair, impede or prejudice the rights or remedies of a party to an action, the court must make a final order accordingly, and direct that he be punished by fine or imprisonment, or both, as the nature of the case may require, and upon service of a copy of the order so made, the offender may be committed "without further process. By section 2285 it is provided that where the misconduct proved consists of an omission to perform an act or duty which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed and paid the fine imposed.
The judgment in this action enjoined and restrained the defendant from keeping and maintaining, upon certain premises of the plaintiff, the whole or any of the rock or stones which the defendant theretofore placed upon the said premises, and ordered and directed the *306 said defendant to remove from the said premises all of said rocks and stones, such removal to be fully completed on or before the 15th day of March, 1886. It appeared that such judgment was on the 6th day of January, 1886, duly served upon the defendant, and that said defendant had neglected and refused to comply with said judgment, and had not removed from the premises all of the said ' stones or rocks on or before the 15th day of March, 1886. On this proof, the court found that the defendant had been guilty of the contenipt charged against him, in that he had refused and neglected to obey and perform the judgment of the court, and further found that the said contempt was calculated to and did defeat, impair, impede and prejudice, the' lawful right of the plaintiff herein to have so removed from his premises mentioned in said judgment, the rock which the defendant had previously placed thereon; and it was thereupon- ordered that a fine of one hundred dollars be imposed upon the defendant for his above mentioned contempt, and further ordered that the defendant be committed to the common jail of the city and county of New York, there to be kept, imprisoned, until he should pay the fine and costs imposed as aforesaid, and do and perform the omissions and things required in and by the said judgment of the court.
The evidence before the judge at special term was sufficient to sustain the finding that the defendant had been guilty of the contempt, and that said contempt did defeat and prejudice the plaintiff’s right, etc., and the case was thus directly brought within the terms of section 2281 of the Code, and as the misconduct proved consisted of an omission to perform an act or duty which it was yet in the power of the defendant to péform, the judge was justified in directing that the defendant be imprisoned until he perform the act and pay the fine imposed.
In opposition to the motion, the defendant endeavored to show that he was physically unable to perform the *307 act required to be done by the judgment, and that by reason of poverty he was unable to have the rock removed and so comply with the judgment of the court.
Whether such fact if proved could be urged in opposition to this motion, or whether the proper practice was to grant the order committing the accused, and if he wished to be relieved from imprisonment to require him to make amotion to be so relieved under section 2286, of the Code, it is not necessary to determine, as from the evidence presented to the court, it is not by any means clear that the defendant was unable to perform the judgment of the court within the time that the judgment directed it to be done, or that he is now unable to perform it. His explanation of the disposition of the moneys received by him is not entirely satisfactory, and it is clear that he has at present some property. Under such circumstances, we are of the opinion that the court was right in granting the order and reserving the determination of the question of the defendant’s ability to obey the judgment to be determined on a motion to be relieved' from the imprisonment, when such terms could be imposed as would best protect the interests of the plaintiff.
We think therefore that the order should be affirmed with ten dollars costs and disbursements.
As to the motion to dismiss the appeal, on the ground that the defendant has accepted the privilege allowed him by the order appealed from, we do not think that motion should be granted.
The order committed the defendant for contempt and stayed the proceedings for ten days to allow the defendant to make a motion to be relieved from imprisonment. The defendant had the legal right to make such a motion. He did not make it in pursuance of any permission contained in the order appealed from. There was, therefore, no acceptance by him of any benefit under the order that would prevent him from prosecuting the appeal.
*308 That motion must therefore be denied, without costs.
Truax, J., concurred.